# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| W. ROBERT BAYNES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-2805-JOF |
| DAVID E. LEHMAN, et al., : | |
| : | |
| Defendants. : | |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for reconsideration [44] and Defendant Lehman's motion for an extension of time to file a motion to dismiss [46].

Plaintiff, W. Robert Baynes, filed suit against Defendants, George E. Mason Funeral Home, Inc.; David E. Lehman; Allegheny Heartland Casket Company, Inc.; and Kimball Sweatt, on November 14, 2007, alleging causes of action of fraud, conspiracy to commit fraud, intentional infliction of emotional distress, negligence, and breach of contract. Plaintiff alleges that he contracted with Mason Funeral Home for a bronze casket in which to bury his stepson, however, when the casket arrived in Georgia for burial, it was an inferior steel casket.

In an order dated December 10, 2008, the court granted Defendant Mason Funeral Home's motion to dismiss for lack of personal jurisdiction. In that order, the court

considered the three subsections of Georgia's Long Arm statute and determined that Defendant Mason Funeral Home did not have sufficient "minimum contacts" with Georgia to justify the imposition of personal jurisdiction. The court noted that the Funeral Home's contact with Georgia was based on a single contract which required shipment of the casket and remains to Georgia. There was no pattern of conducting business in Georgia. The court also noted that even considering all of the fraudulent conduct alleged by Plaintiff, all acts (including allegedly switching the casket) occurred in Pennsylvania with only the shipping of the casket taking place in Georgia.

Although Defendant Mason Funeral Home had moved in the alternative for the court to transfer the case to the Western District of Pennsylvania, Plaintiff strongly opposed this request in his response to Defendant's motion. Therefore, the court dismissed without prejudice Defendant Mason Funeral Home and did not consider Defendant's alternative requested relief of transfer to the Western District of Pennsylvania.

In the instant motion for reconsideration, Plaintiff now asks that the court not dismiss Defendant Mason Funeral Home outright, but rather transfer the entire case to the Western District of Pennsylvania under 28 U.S.C. § 1404(a). Defendant Mason Funeral Home responds that Plaintiff's request is not a proper topic for a motion for reconsideration. Defendant further asserts that Plaintiff's request is in direct opposition to his previous

2

argument that the court should not transfer the case to the Western District of Pennsylvania and that venue and jurisdiction were proper in the Northern District of Georgia.

The court agrees that a motion for reconsideration is not the proper vehicle or time for Plaintiff to alter his litigation strategy to now seek a motion to transfer to the Western District of Pennsylvania. Having rejected that option in the briefing on Defendant's motion to transfer, Plaintiff cannot now attempt to revive it on the motion for reconsideration. The court notes that it dismissed Defendant Mason Funeral Home without prejudice so that Plaintiff does have the option of filing a new suit against that Defendant in Pennsylvania. Further, the court notes that two individual defendants and Allegheny Casket Company, Inc., remain in the litigation in this court. Plaintiff will need to decide whether to continue with litigation here (keeping in mind that personal jurisdiction issues have not been addressed with respect to these three defendants) or whether to re-file in the Western District of Pennsylvania.

In that light, the court notes at the time the court granted Defendant Mason Funeral Home's motion to dismiss without prejudice, it directed Defendant Lehman to inform the court as to whether he would be proceeding *pro se* or whether he intended to acquire new counsel. In response, Defendant David E. Lehman filed a motion for extension of time to file a motion to dismiss. Defendant Lehman states that he will be proceeding *pro se* in the litigation at this time, until he can determine whether he will need to retain Pennsylvania or

3

Georgia counsel. The court GRANTS Defendant Lehman's request for an extension of time to file a motion to dismiss.

The court DENIES Plaintiff's motion for reconsideration [44] and GRANTS Defendant Lehman's motion for an extension of time to file a motion to dismiss [46].

Plaintiff is DIRECTED to inform the court within thirty (30) days whether he intends to pursue litigation in this forum against Defendants David Lehman, Allegheny Heartland Casket Company, Inc., and Kimball Sweatt. At that time, if necessary, the court will establish a further briefing schedule.

**IT IS SO ORDERED** this 5th day of March 2009.

　　　　　　　　　　　　　　　　　　　s/ J. Owen Forrester
　　　　　　　　　　　　　　　　　　　J. OWEN FORRESTER
　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)